## Case No. 5,357.

### GERBIER v. EMERY.

[2 Wash. C. C. 413.] [1]

Circuit Court, D. Pennsylvania. Oct. Term, 1809.

#### NEW TRIAL.

1. The court refused to grant a new trial, because the defendant would, in the event of the same being granted, compel the plaintiff to submit to a nonsuit in consequence of a defect in the declaration, and thus defeat the justice of the case, unless the court would allow the plaintiff to amend his declaration, and thus the granting of a new trial would be of no avail.

2. Where, if a new trial should be granted, the defendant could not be allowed in the suit to make the set-off, which, by the weight of evidence, he seemed entitled to, the court refused to grant the same.

This was a motion for a new trial.

Mr. Hallowell, for defendant, stated the grounds of his motion to be: First, that the court had improperly refused to allow him to prove, by a clerk of the bank, from the books of the bank, that a check of Gerbier for the amount of the premium on the Fanny, had been paid by the bank. The reason assigned by the court, was, that as notice had not been given to the opposite party to produce the check, no evidence could be given of it. Their object was to prove, not the contents of the check, but that such a check had been paid by the bank. Besides, it is not to be presumed that a check is in existence seven years after it is paid. He cited 1 Macn. Ev. 343; 1 Bin. 273, 274. Secondly, on the ground of surprise. Thirdly, that the verdict was against the weight of evidence. The defendant had consigned to Gerbier, Bailey & Co., a cargo of lumber, and they, without authority, sold it upon credit, and neglected to collect the proceeds. The defendant was entitled to credit for the amount, but the jury omitted to allow it.

Mr. Sergeant, for plaintiff, was directed by the court, to confine his answer to the last point. He contended: First, that Gerbier, Bailey & Co. were authorized to sell on credit. The defendant's letter to them, directs them to sell "to the best advantage"; and under such a general authority, a factor is authorized to sell on credit, unless a usage to the contrary

[1] [Originally published from the MS. of Hon. Bushrod Washington, Associate Justice of the Supreme Court of the United States, under the supervision of Richard Peters, Jr., Esq.]

be proved. Willes, 400; Beames, Bankr. 44; 3 Bos. & P. 489. Secondly, admitting the factor to have broken his orders, the claim is for damages, and could not be set off. Winchester v. Hackley, 2 Cranch [6 U. S.] 342.

M. Levy, in reply. Under a general authority, a factor has no right to sell on credit. 1 Bulst. 103. But in this case, the authority was special; for, though it is said, to sell "to the best advantage," yet the factor is also directed to "remit by the first opportunity," which he could not do, unless he sold for cash. As to the right to offset, the factor, in such a case as this, is to be considered as the purchaser himself, or as guarantying the payment; and the case is analogous to that of a factor, who, being ordered by his principal to insure, and being bound to do so, omits it, in which case, he is considered the insurer himself, and in case of a loss, the amount ordered to be insured, may be recovered against him, or may be offset. De Tastett v. Crousillat [Case No. 3,828]; Morris v. Summerl [Id. 9,837].

BY THE COURT. This is a rule to show cause, why a new trial should not be granted upon the following grounds: First, that the clerk of the Bank of Pennsylvania ought to have been examined as a witness, to prove the payment of Gerbier's check, which, it is said, was given to reimburse the defendant the premiums paid by him on the insurance of the lumber shipped in the two vessels, as the property of the plaintiff; because, as the drawer of a check, after he settles his account with the bank, is not supposed to keep it by him, a notice to produce it, in order to let in inferior testimony, is not necessary. Secondly, that the defendant was surprised by this objection. Thirdly, that the verdict was against the weight of the evidence, particularly in not crediting the defendant with the amount of the sales of his lumber, because Gerbier, Bailey & Co. had not collected it. That they had no right to sell on credit, particularly under the instructions to the plaintiff, which, it is said, amounted to a positive instruction to sell for cash.

As to the first and second reasons, although they were well founded in other respects, they would not be sufficient, in this case, to warrant a new trial, which could only be wished for, for the purpose of nonsuiting the plaintiff, by holding him to the strict proof of his contract, as laid in the declaration, against the justice of the case. And if we were, for these reasons, to grant a new trial, it would be upon the terms of permitting the plaintiff to amend, and to add a new count, so as to omit that part of the case which states a promise by the defendant, to deliver the lumber, clear of insurance; then, it is obvious, the new trial could be of no use to the defendant, on these grounds. The last reason might weigh with the court, if the defendant could avail himself of the misconduct of Gerbier, Bailey & Co., in selling on

credit, (if they were faulty for so doing,) so as to exclude from their account, the debit for those sums not collected. But, upon the authority of Winchester v. Hackley [supra], we think that the defendant could not, at law, bring that subject into view. Rule discharged.